UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDREA LEE,

                Plaintiff,

-against-

CITY OF MT. VERNON,

                Defendant.
------------------------------------------------------------x

05 CIV. 4985

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

Index No.

Assigned Judge:

BRIEANT

ECF CASE

Plaintiff, Andrea Lee, by and through her attorney, Paul N. Cisternino, Esq. as and for her complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

2. Plaintiff seeks money and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that she was subjected to discrimination and a

1

hostile work environment, denied the equal terms, conditions and privileges of employment, retaliated against and illegally terminated.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and the New York State Division of Human Rights. Plaintiff received a written dismissal from the Commission and it has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is an African American female who resides in Westchester County.

8. Upon information and belief, Defendant City of Mount Vernon (hereinafter "Defendant" or "City") maintains and operates the Mount Vernon Police Department and is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and the New York State Human Rights Law, employing more than 15 individuals, which presently conducts activities within the State of New York.

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff received an appointment as a Communications Specialist with Defendant in August 2002.

11. During her period of employment with Defendant, despite inadequate training, Plaintiff has always performed her job duties in a competent and professional manner.

12. During her period of employment, Plaintiff was never formally disciplined by Defendant.

13. During her initial two months with Defendant, although Plaintiff was sent to work in five different squads, she was never adequately trained.

14. The Defendant employees in these squads who were responsible for training Plaintiff refused to do so, saying things like "we're too busy," "it's not my job," and "no one wants to train you."

15. Upon information and belief, training new employees was within these officer's job responsibilities.

16. In November 2002, Plaintiff was assigned to "Squad 3."

17. The situation in "Squad 3" was worse than any of the other squads Plaintiff had been assigned to.

18. Over the next eight months Plaintiff was harassed, cursed and screamed at, subjected to a hostile work environment, and expected to perform a job for which she had not been adequately trained.

19. Plaintiff was also repeatedly ridiculed for holding Christian beliefs.

20. In addition, other employees would sometimes purposely withhold job-related information from Plaintiff so that she would be blamed for having made a mistake.

21. Other employees and supervisors of Defendant knew what was going on, but refused to take any action on Plaintiff's behalf.

22. Although it was apparent what was going on, Plaintiff was forced to complain to higher-ranking officers about this treatment but nothing was done.

23. Plaintiff was also subjected to retaliation for complaining of this conduct.

24. In one instance, Plaintiff complained that she had been threatened by Yenette Guzman, who put her finger in Plaintiff's face and approached her as if she was going to physically assault Plaintiff; nothing was done.

25. Although Plaintiff requested training several times, none was ever provided to her.

26. As recently as February 24, 2004, Plaintiff requested "MV 5" training and was refused.

27. In addition, during her almost seventeen months of service with Defendant, Plaintiff was never formally evaluated.

28. On March 3, 2004, Plaintiff was asked to meet with Commissioner Bernice Kennedy and informed that she was to be terminated in two weeks.

29. Although given the option of resigning, Plaintiff refused to do so and was terminated on March 19, 2004.

30. Plaintiff was told that she was terminated because she did not pass the qualifying test for her position; however, Plaintiff was prevented from taking a qualifying test which was to be administered on March 27, 2004.

31. Upon information and belief, other employees of Defendant who had also not qualified via the test were allowed to remain at their jobs.

32. Plaintiff believes she was illegally dismissed due to various forms of discrimination and harassment and in retaliation for complaining of this conduct.

33. At the time Plaintiff was terminated by Defendant, she was making approximately $31,000 per year.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON A HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as though fully set forth herein.

35. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the Title VII in that Plaintiff was unfairly subjected to a hostile work environment.

36. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER NEW YORK EXECUTIVE LAW §290

37. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" as though fully set forth herein.

38. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was unfairly subjected to a hostile work environment.

39. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39" as though fully set forth herein.

41. Throughout the events recited herein, the Defendant, while acting under color of law, deprived Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States, specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment.

42. As herein described, Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and other physical and psychological injuries of a protracted and permanent nature, thereby entitling Plaintiff to awards of compensatory and punitive damages and reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" as though fully set forth herein.

44. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated because she complained of discriminatory treatment and/or a hostile work environment.

45. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

46. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" as though fully set forth herein.

47. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated because she complained of discriminatory treatment and/or a hostile work environment.

48. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**WHEREFORE,** Plaintiff Andrea Lee, respectfully requests that the Court assume jurisdiction herein and thereafter:

1. Enter declaratory and injunctive relief, where appropriate;

2. Award the Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

3. Award reasonable attorney's fees and the costs of this action; and

4. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        May 19, 2005

> Law Offices of Paul N. Cisternino, P.C.
> *Attorneys for Plaintiff*
>
> By: _____
>    Paul N. Cisternino (PC-0317)
> 701 Westchester Avenue  Suite 308W
> White Plains, New York  10604
> (914) 997-0303

# VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF WESTCHESTER    )

ANDREA LEE, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
ANDREA LEE

Subscribed and sworn to before me this
25th day of May, 2005.

_____
Notary Public

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

9

## DISMISSAL AND NOTICE OF RIGHTS

To: Andrea Lee
352 So. 9th Avenue
Mount Vernon, NY 10550

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2004-05278 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

3/1/05
(Date Mailed)

Enclosure(s)

CC: MOUNT VERNON POLICE DEPARTMENT
One Roosevelt Square
Mount Vernon, NY 10550
Attn: Director of Human Resources